2 Dec.<br>136

[Hamilton County Circuit Court.]

### JOSEPH P. WELLMAN v. HENRY B. WELLMAN.

1. WHAT MOTION TO SET ASIDE MUST CONTAIN.

   A motion filed under section 5354 of the Ohio Revised Statutes, asking the court to vacate or modify its own judgment made at a former term on the ground of irregularity in obtaining the judgment, must contain a specification of what the irregularity consisted in.

2. COURT MUST FIRST ADJUDGE THAT THERE IS A VALID DEFENSE.

   On the hearing of a motion to vacate or modify the judgment of a court rendered at a former term, the court must, under section 5359 of the Revised Statutes, decide *upon the grounds* to vacate or modify before trying or deciding upon the validity of the defense or cause of action, and before said judgment can be vacated or modified, the court must adjudge that the party seeking the vacation or modification had a valid defense or good cause of action as the case may be.

ERROR.

SMITH, J.

It appears from the record in this case that Henry B. Wellman commenced an action of replevin against Joseph P. Wellman before a justice of the peace, and the property described in the affidavit was taken from the possession of the defendant below and given to the plaintiff. From the judgment in the case, which was in favor of the plaintiff below, the defendant appealed, the transcript having been filed February 20, 1893. On March 4, 1893, the plaintiff became in default for a petition and so continued. On March 28th, the defendant filed an answer setting up his ownership of the property and his right to its possession at the beginning of the suit, and the items and amount of damage sustained by him by reason of the property having been taken from him. On March 29, 1893, January term, the defendant applied to the court for a hearing and assessment of damages, the plaintiff having failed to prosecute the action to final judgment, and hearing and trial was had, the plaintiff still failing to appear, and a jury being waived (by defendant). The court, having heard the evidence, found that at the commencement of the suit the right of property and the right of the possession of the property in possession were in defendant, and rendered judgment for the return of the property and for $156, his damages against the plaintiff.

The next term of the court convened April 3, 1893. On May 1st, twenty-seven days thereafter, a motion was filed to set aside this judgment for irregularity. No statement was made as to what the irregularity consisted of. On May 5th the motion came on for hearing on the record, the bill of exceptions allowed showing that no evidence was heard, and the court set aside the judgment for damages, letting the other part of the judgment stand. Both parties excepted.

The motion was one which evidently must have been filed under sec. 5354, Revised Statutes, as it was one asking the court, at a subsequent term to vacate or modify its own judgment made at a former term, and must be governed by the provisions of that chapter. The ground sought to be alleged was irregularity in obtaining the judgment, but no specification as to what the irregularity consisted

in was made. This should have been done so the adverse party could meet it. And the statute, section 5359, provides that the court must first try and decide *upon the grounds* to vacate or modify before trying or deciding upon the validity of the defense or cause of action. And section 5357 provides that proceedings to correct mistakes or irregularity in obtaining the judgment are to be in motion, but the motion to vacate a judgment because of its rendition before the action regularly stood for trial (which is one of the grounds of irregularity now claimed by counsel) can only be made in the first three days of the succeeding term. This was not done in this case.

But in another particular the action of the court was erroneous. Section 5360 expressly provides that the judgment is not to be vacated or modified until it is adjudged when plaintiff seeks its vacation that he has a valid cause of action. There was no such adjudication here, and until there was, the court had no right to modify the judgment rendered at the former term. Such judgment of modification will therefore be reversed with costs.

*Huntington & Holmes*, for Plaintiff.

*R. C. Taylor*, contra.